Filed 12/15/22 P. v. Larios CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B319431 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA087019) |
| v. | |
| GEOVANNY GERARDO CARDONA LARIOS, | |
| Defendant and Appellant. | |

THE COURT:

Geovanny Gerardo Cardona Larios (defendant) appeals from the order summarily denying his petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95).[2]

---

**1** All further statutory references are to the Penal Code unless otherwise indicated.

In July 2012, defendant fired several shots from a shotgun loaded with bird shot at several people outside an apartment building. Four people were wounded, two of whom were taken to the hospital. Defendant was charged with four counts of attempted murder (§§ 664/187, subd. (a)), four counts of assault with a firearm (§ 245, subd. (a)(2)), and two counts of shooting at an inhabited building (§ 246). It was further alleged that defendant personally used a firearm (§ 12022.53, subds. (b), (c), & (d)), and that he personally inflicted great bodily injuries (§ 12022.7, subd. (a)).

Defendant agreed to plead nolo contendere to one count of assault with a firearm and admit that he had personally used a firearm, and had inflicted a great bodily injury, in exchange for a sentence of 16 years in prison. All of the original charges were then dismissed.

On March 3, 2022, defendant filed, in propria persona, a petition for resentencing pursuant to section 1172.6.

On March 9, 2022, the trial court found that the petition appeared to be facially valid because defendant alleged he was "convicted of murder, attempted murder, or manslaughter following a trial or [he] accepted a plea offer in lieu of a trial at which [he] could have been convicted of murder or attempted murder" and then "declared under penalty of perjury" that the foregoing allegation was true. Nevertheless, the trial court summarily denied defendant's petition because the record

---

**2** Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

For the sake of simplicity, we will refer to the section by its new numbering only.

indicated that defendant's conviction was for assault with a firearm—not attempted murder.

Defendant filed a timely notice of appeal from the order.

Appointed counsel found no arguable issues and requested this court to independently review the entire record pursuant to the procedure set forth in *People v. Wende* (1979) 25 Cal.3d 436. Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct an independent review of the record for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278; see *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) However, if a defendant files his own supplemental brief or letter, we review the contentions or arguments set forth therein. If a defendant does not file a supplemental brief, we dismiss the appeal as abandoned. (*People v. Cole*, at p. 1039.) Defendant was notified of the court's policy and did not file a supplemental brief.

And even if we were to look at the merits, the trial court's order is indisputably correct because section 1172.6 does not provide relief for persons convicted of the crime of which defendant stands convicted.

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____

LUI, P. J.,          ASHMANN-GERST, J.,          HOFFSTADT, J